UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA    )
                            )    No. 2:25-CR-94
        v.                  )
                            )    JUDGE CORKER
MICHELLE RENEE TOLLEY       )

**PLEA AGREEMENT**

The United States of America, by the United States Attorney for the Eastern District of

Tennessee, and the defendant, MICHELLE RENEE TOLLEY, and the defendant's attorney, Jerry J.

Fabus, Jr., have agreed upon the following:

1.    The defendant will plead guilty to the following count(s) in the first superseding

indictment:

a)    Count One. Conspiracy to distribute fifty (50) or more grams of

methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in

violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A).

By virtue of the defendant's prior serious drug felony conviction, the punishment for this

offense is as follows: a minimum mandatory 15 years up to life imprisonment, a maximum fine of

$20,000,000, a minimum of 10 years up to life on supervised release, and a $100 mandatory

assessment fee.

2.    In consideration of the defendant's guilty plea(s), the United States agrees to move

the Court at the time of sentencing to dismiss the remaining count(s) against the defendant in this

indictment. The parties also agree that the defendant's supervised release in case number 2:17-CR-

125 will be revoked and any sentence will run consecutive to the sentence imposed in this case.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged. Specifically, the elements of the offense(s) are as follows: (1) An agreement to distribute methamphetamine; (2) knowledge and intent to join the conspiracy; (3) participation in the conspiracy, and (4) that the conspiracy involved 50 grams or more of actual methamphetamine.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a) Beginning in June 2025, agents with the Washington County Sheriff's Office (WCSO) and the Drug Enforcement Administration (DEA) and other law enforcement entities began investigating a conspiracy to distribute large amounts of methamphetamine in Washington County and other areas within the Eastern District of Tennessee. This organization obtained large quantities of methamphetamine, a schedule II controlled substance, from large criminal organizations and other methamphetamine suppliers located inside and outside the State of Tennessee. During the course of this investigation, the defendant came to the attention of law enforcement as a distributor of methamphetamine.

b) Agents developed a confidential source (CS) who could purchase methamphetamine from the defendant. On August 5, 2025, a controlled buy was arranged with the defendant. The CS travelled to the defendant's residence located at 1017 Oracle Court in Johnson City, Tennessee and purchased a half ounce of methamphetamine from the defendant for $350. The transaction was monitored by agents and video and audio recorded.

2

c)        On August 7, 2025, co-defendant John Paul Jarvis was traffic stopped and found to be in possession of approximately 325 grams of methamphetamine and a firearm. Co-defendant Jarvis agreed to give a statement to agents after being advised of his *Miranda* rights. Co-defendant Jarvis stated that his source of supply of methamphetamine was co-defendant Somer Bullard and co-defendant Billy Williams. Co-defendant Jarvis stated that he, in turn, supplied the defendant with methamphetamine. Co-defendant Jarvis further stated that the defendant's former source of supply was Johnny Tipton (EDTN case number 2:25-CR-100) until Tipton was arrested.

d)        On September 24, 2025, a second controlled buy was arranged where the CS would purchase a half ounce of methamphetamine from the defendant for $210. The CS met the defendant at a gas station and the defendant instructed the CS to drive them to the Kroger located at the intersection of Greenwood Drive and State of Franklin in Johnson City, Tennessee. The defendant exited the vehicle and met with an unidentified male in the parking lot before returning to the CS's vehicle. The defendant then weighted out one-half ounce of methamphetamine and gave it to the CS for $210. The transaction was audio and video recorded and during the recording, the defendant discussed being on federal supervised release. Law enforcement then discovered an outstanding arrest warrant for the defendant for violation of supervised release and she was arrested.

e)        On September 25, 2025, the defendant gave a post-*Miranda* interview with agents. The defendant admitted to selling resale quantities of methamphetamine and stated that her previous source of supply was Johnny Tipton before he was arrested. The defendant stated that she would buy between one-quarter of an ounce and one ounce every day for several months until Tipton was arrested. The defendant further stated that following Tipton's arrest, co-defendant Jarvis became her source of supply and that she would purchase one-ounce quantities from him.

3

f)      The defendant now admits that she conspired with co-defendant Jarvis and others to distribute fifty grams or more of actual methamphetamine.

g)      The defendant further admits that she has a previous conviction for conspiracy to distribute 50 grams or more of methamphetamine in the case of *United States v. Michelle Renee Tolley*, No. 2:17-CR-125, in the Eastern District of Tennessee, for which she entered a plea on September 17, 2018, and received a sentence of 120 months imprisonment and was released from prison on or about June 25, 2024.

h)      The defendant further admits that she was on supervised release in the case of *United States v. Michelle Renee Tolley*, No. 2:17-CR-125, in the Eastern District of Tennessee at the time she committed this offense.

5.      The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

a)      the right to plead not guilty;

b)      the right to a speedy and public trial by jury;

c)      the right to assistance of counsel at trial;

d)      the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

e)      the right to confront and cross-examine witnesses against the defendant;

f)      the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

g)      the right not to testify and to have that choice not used against the defendant.

4

6. The parties agree that the appropriate disposition of this case would be the following as to each count:

a) The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

b) The Court will impose special assessment fees as required by law; and

c) The Court may order forfeiture as applicable and restitution as appropriate. No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

d) Pursuant to Rule 11(c)(1)(C), the defendant and the United States agree to particular provisions of the Sentencing Guidelines, policy statement, or sentencing factor in this case:

i) For purposes of this plea agreement, the parties agree that the defendant should be held individually responsible for between 50 grams and 150 grams of actual methamphetamine.

5

In the event the Court declines to accept this agreement, either party will be free to withdraw from the plea agreement.

7.     Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines.  Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines.  Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8.     The defendant agrees to pay the special assessment in this case prior to sentencing.

9.     Financial Obligations.  The defendant agrees to pay all fines and/or restitution to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately.  If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution.  The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems

6

appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

10. The defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal

7

the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b)    The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions:  The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c)    The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

11.    The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty.  (Indeed, because the defendant is pleading guilty to conspiracy to distribute 50 grams or more of methamphetamine, removal is presumptively mandatory.)  Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of the defendant's conviction on immigration status.  The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences the plea may entail, even if the consequence is automatic removal from the United States.

12.    This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea.  If the United States violates the terms of this

8

plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

13.    The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

14.    This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

9

FRANCIS M. HAMILTON, III
UNITED STATES ATTORNEY

_____  By: _____
Date                          ANDREW C. PARKER
                              Assistant United States Attorney

_____       _____
Date                          MICHELLE RENEE TOLLEY
                              Defendant

_____       _____
Date                          JERRY J. FABUS, JR.
                              Attorney for the Defendant

10